FELIPE ARROYO MORET, lesionado y recurrido, *v.* FONDO DEL SEGURO DEL ESTADO, asegurador y recurrente.

*Número:* O-82-168      *Resuelto:* 21 de octubre de 1982

*Ulises Ortiz Rodríguez, Yusif Mafuz Blanco* y *Yolanda Morales,* abogados del recurrente; *Carlos Juan Cintrón,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Felipe Arroyo Moret, en funciones de su trabajo, sufrió un accidente de automóvil. Reportado al Fondo del Seguro del Estado recibió tratamiento y compensación. Se le reconoció una incapacidad fisiológica general de un 20%. El Administrador del Fondo instó acción subrogatoria contra

el tercero causante del daño. El obrero hizo lo mismo. Ambas causas fueron consolidadas. El Fondo recobró los gastos por los que pagó. La sentencia dictada concedió al obrero $28,000 por "todos los daños sufridos en el accidente. . .".

El obrero acudió nuevamente al Fondo. Considerado el caso como una recidiva, se le otorgó un 10% adicional de incapacidad por la condición emocional agravada, mas al percatarse el Fondo de que anteriormente le había brindado tratamiento y que había existido acción subrogatoria contra el tercero causante del daño, dejó sin efecto lo actuado. El obrero apeló.

La Comisión Industrial dictó resolución mediante la cual ordenaba al Fondo suministrar tratamiento siquiátrico al obrero. Se celebró vista pública para reevaluar la decisión. La Comisión dictó resolución el 23 de octubre de 1981 que favoreció al obrero. El día 29 siguiente, se notificó al Secretario del Fondo. El abogado del Fondo no fue notificado. El 18 de noviembre siguiente, el abogado del Fondo presentó moción de reconsideración. Fue declarada sin lugar por haber transcurrido el término de 10 días provisto por el Art. 10 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 11, para solicitar la reconsideración de una resolución de la Comisión Industrial.

■ El Fondo alega que la Comisión erró al resolver que la moción de reconsideración se presentó fuera del término legal y que no procedía notificar al abogado de récord del Fondo. El Art. 10 antes mencionado dispone que: "la petición de reconsideración deberá presentarse dentro de los diez (10) días a contar de la fecha en que el interesado *reciba* la notificación de la decisión de la Comisión." (Énfasis nuestro.) No consta en el expediente prueba alguna sobre cuándo fue que el Secretario del Fondo recibió la notificación de la resolución. Sólo hay evidencia de que el 12 de noviembre de 1981 el abogado del Fondo se personó a la

oficina de Secretaría de la Comisión y recibió copia de la resolución.

En *Marrero Bermúdez* v. *Comisión Industrial*, 107 D.P.R. 777, 778 (1978), dijimos que el término de 10 días de que habla el Art. 10, *supra*, se cuenta a partir de la fecha en que el interesado reciba la notificación de la decisión de la Comisión Industrial. La Comisión sostiene que, conforme a su Reglamento, hizo la notificación adecuadamente, ya que es práctica acostumbrada notificar al Secretario del Fondo y no a su abogado de récord. Si bien el Reglamento dispone en su Sec. 8-6(d), 11 R.&R.P.R. sec. 8-6(d), que "[e]l Secretario notificará las decisiones a las partes o sus abogados inmediatamente que las reciba de los Comisionados", el presente caso constituye ejemplo de que el sistema contiene fallas que deben superarse. Es necesario que cualquier trámite que se establezca asegure que el abogado sea debidamente notificado, ya que es éste quien tiene la responsabilidad con el cliente, bien sea el obrero o el Administrador del Fondo.

En *Berríos* v. *Comisión de Minería*, 102 D.P.R. 228, 230 (1974), dijimos:

> Sólo por excepción expresamente autorizada, y aun así con renuencia, puede aceptarse como suficiente la notificación a una parte ignorando a su abogado. Una vez provisto por estatuto el recurso de apelación, tanto en lo administrativo como en la litigación civil, es parte del debido proceso de ley y por tanto la notificación al abogado que interviene en representación de persona interesada es indispensable en todas las etapas.

Para dar debido cumplimiento a lo anteriormente expuesto, deben adoptarse tanto por la Comisión Industrial como por el Fondo del Seguro del Estado aquellos mecanismos que fueren pertinentes para evitar situaciones como la presente, en que el abogado que tiene el caso a su cargo no fue notificado a tiempo. La debida coordinación entre ambos organismos obviará que se frustre el debido procedimiento de ley.

■ Aparece implícito en su planteamiento que considera, además, que el término para presentar la reconsideración se cuenta a partir de la fecha de envío de la notificación. Está equivocada. La ley claramente dispone que el término se cuenta a partir de la fecha de recibo de la notificación. Habiéndola recibido el abogado el 12 de noviembre, la presentación de la moción el día 18 siguiente cumple con la ley. *Marrero Bermúdez*, supra, pág. 778; 11 L.P.R.A. sec. 11, párr. 2.

Sostiene el Administrador del Fondo que la Comisión Industrial erró al resolver que un obrero lesionado tiene derecho a recibir compensación adicional no empece el hecho de haber recibido indemnización del causante del daño "por todos los daños sufridos en el accidente", como disponía la sentencia dictada por el Tribunal Superior.

■ La posición asumida por el Administrador del Fondo no tiene apoyo en la ley y es contraria al propósito liberal que la inspira. La ley y el reglamento garantizan a todo obrero accidentado en su trabajo que si sufre una recaída de su lesión sin la intervención de causa ajena al accidente tendrá derecho a tratamiento adicional. 11 L.P.R.A. sec. 3; 11 R.&R.P.R. sec. 3-4; y ver, además, *Ríos Rivera* v. *Comisión Industrial*, 108 D.P.R. 808 (1979).

■ El hecho de que el accidente del trabajo lo ocasionara una tercera persona ajena al patrono y que el obrero haya recibido compensación del causante del accidente, no puede impedir que reciba el tratamiento adicional que su condición física o emocional requiera. La compensación recibida del tercero causante del daño, se limita a los daños sufridos a la fecha del juicio. De hecho en *Alvarado* v. *Calaiño Romero*, 104 D.P.R. 127 (1975), por inferencia, así lo establecimos al consignar en la página 136 que "[n]o hay ocasión de expresarse en consecuencia sobre la interesante cuestión de si una sentencia obtenida contra un tercero, tras demanda iniciada dentro del año de convertirse en firme y ejecutoria la decisión del Administrador en un caso, 11

L.P.R.A. sec. 32, primer párrafo, representa base suficiente para oponer la defensa de cosa juzgada o la de prescripción cuando se le demanda de nuevo por haber ocasionado perjuicios posteriores al daño inicial. Baste decir que el asunto es objeto de debate, ofreciendo la jurisprudencia, la doctrina y las leyes bajo distintos regímenes de derecho diversas soluciones a este problema de sencillez engañosa". De manera implícita, se reconoce el derecho del obrero a recibir el tratamiento en recidiva. Sobre lo que no nos expresamos fue sobre el derecho del Administrador de recuperar del tercero causante del daño original, los gastos adicionales.

Por los motivos antes expresados, *se revoca la resolución de la Comisión que declaró sin lugar la moción de reconsideración por falta de jurisdicción y se confirma aquella que revocó la determinación del Fondo en la cual se negaba tratamiento en recidiva al obrero lesionado.*

Los Jueces Asociados Señores Negrón García y Rebollo López concurren en el resultado.