ALMIRO RODRÍGUEZ FEBO, lesionado y recurrido, *v.* FONDO DEL SEGURO DEL ESTADO, asegurador y recurrente.

*Número:* O-84-580      *Resuelto:* 20 de diciembre de 1984

*José M. Fernández Luis,* abogado del Fondo del Seguro del Estado, recurrente; *Rafael A. Oliveras Vera,* abogado del recurrido.

PER CURIAM: El Fondo del Seguro del Estado (Fondo) presentó recurso de revisión contra una resolución de la Comisión Industrial (Comisión) que le reconoció incapacidad total al lesionado recurrido. Planteó en el recurso que la Comisión actuó sin jurisdicción al aumentar la incapacidad por la condición orgánica a 100%, a pesar de que el lesionado simuló una condición emocional. Alegó además que erró al no notificar las resoluciones recurridas a su representación legal, y que actuó en contravención de lo resuelto en *Arroyo Moret* v. *F. S. E.,* 113 D.P.R. 379 (1982), enmendada *nunc pro tunc* por resolución de 3 de febrero de 1983.

Concedimos plazo a la parte recurrida para mostrar causa por la que no debíamos expedir el auto y revocar la decisión de la Comisión. Ha comparecido y nos persuade.

El argumento principal del Fondo es que la determinación sobre incapacidad física era final y firme desde 1976 por lo que la Comisión no tenía facultad para aumentar el grado de incapacidad. No tiene razón. La reclamación del lesionado recurrido por la lesión en la columna vertebral nunca fue adjudicada en forma definitiva porque el lesionado en todas las ocasiones instó apelación. Así surge de los documentos incluidos en el Apéndice del recurso. La confusión del Fondo surge

porque cuando la Comisión devolvió para reevaluación, el Fondo lo clasificó como uno de tratamiento en recidiva. Véase la decisión del Administrador de 12 de febrero de 1976, *Exhibit* VIII del Apéndice.

El segundo planteamiento del Fondo respecto a que la decisión de la Comisión no tiene base en la prueba no es correcto. El doctor Rivas, neurólogo, testificó que el lesionado no podía realizar las labores de construcción a que se dedicaba. Al evaluar la determinación de la Comisión tenemos que considerar que el recurrido es una persona que actualmente tiene 68 años de edad, poca escolaridad y que siempre se dedicó a labores de construcción. Estos hechos, tomados en conjunto, son más que suficientes para confirmar la decisión de la Comisión.

■ Por último, el Fondo alega que la Comisión le notificó la resolución a las partes, pero no a su representación legal, en violación de la norma fijada en *Arroyo Moret* v. *F. S. E.*, supra. Esta norma impone la obligación a ambas agencias de adoptar los mecanismos adecuados para asegurar que el abogado del Fondo que tiene a cargo el caso quede debidamente notificado. Esta norma se adoptó luego de que, en vista oral, escucháramos los planteamientos de ambas partes y las dificultades que conllevaba exigir de la Comisión que notificara cada caso al abogado del Fondo que lo tenía a su cargo. Reiteramos nuestra decisión de que ambas agencias deben unir sus esfuerzos para llegar a un acuerdo que sea satisfactorio para ambas.

■ Finalmente, tenemos que consignar nuestra insatisfacción por la dilación habida en el trámite de este caso. No hay justificación para que la adjudicación final se haya tardado 12 años. El accidente ocurrió en 1972, cuando don Almiro tenía 56 años. Ya cumplió 68. La Comisión ha estado por lo menos 10 años refiriendo al lesionado de un especialista a otro para evaluaciones, reevaluaciones, y devoluciones del caso

al Fondo para más evaluaciones, sin detenerse a ponderar sus hallazgos y si éstos son suficientes para hacer una adjudicación final. Un ejemplo claro de esto es que la decisión de la Comisión descansa primordialmente en el testimonio de un perito. Éste examinó al lesionado y rindió un informe en enero de 1977, de lo que podemos inferir que para esta fecha ya la Comisión tenía ante sí información médica suficiente para poder resolver correctamente. No obstante, transcurrieron siete años adicionales antes de que la Comisión resolviera finalmente el caso. Este proceder desvirtúa el propósito de la Ley de Compensaciones y desperdicia esfuerzos y dinero que otros obreros necesitan.

Por los fundamentos expresados, *se expedirá el auto y se confirmará la resolución recurrida.*