*912 TEXTO COMPLETO DE LA SENTENCIA
Hechos
Conforme se alegó ante Instancia, el 19 de junio de 1997, la demandante, Sra. Nilda Torres, compró "la llave" del Restaurante El Marino, sito en el 805 de la Calle Monserrate en Santurce, Puerto Rico, y desde tal fecha lo comenzó a operar.
También se informa que dos meses luego, el 29 de agosto de 1997, y mientras la Sra. Torres alumbraba a su hijo menor "...estaba su empleado Ricardo Caminero administrando el negocio", se sirvieron cervezas Heineken "...a los parroquianos que se encontraban en el restaurante de la demandante" y cuando éstos todavía "... no habían terminado de consumir aún las cervezas, ... comenzaron a sentir unos síntomas extraños en su cuerpo ... y ... todos comenzaron a vomitar y a sentirse mareados y enfermos". (Véase alegación sexta de la demanda original y demanda enmendada).
La Sra. Torres alega que se enteró del suceso cuatro (4) días luego, cuando su empleado le contó lo sucedido. También alega que debido a tal suceso, la clientela abandonó el patrocinio del Restaurante El Marino, lo que provocó su colapso económico y la venta del mismo en 12 de noviembre de 1997, lo que le acarreó la pérdida de lo invertido, angustias y sufrimiento mentales.
En las alegaciones de la demanda original y la demanda enmendada, se informa lo siguiente:
"ó. ... estaba su empleado Ricardo Caminero administrando el negocio. El señor Caminero les sirvió unas Heineken a los parroquianos que se encontraban en el restaurante de la demandante. Dichos parroquianos no habían terminado de consumir aún las cervezas, cuando comenzaron a sentir unos síntomas extraños en su cuerpo. Todos comenzaron a vomitar y a sentirse mareados y enfermos.

7. El señor Caminero se dio cuenta que todo fue una reacción en cadena y dichos parroquianos estaban tomando cerveza Heineken. Tan pronto el examina las cervezas se da cuenta que las mismas tenían partículas extrañas y procedió a botarlas. Examinó otras cervezas que estaban dentro de la nevera y encontró dos (2) que tenían dichas partículas extrañas y otras no.

8....

9. Transcurridos cuatro días de los lamentables hechos del 29 de agosto de 1997 en el restaurante, llega la demandante y se entera de todo lo sucedido.

10. Muchos de los parroquianos que frecuentaban dicho restaurante, que eran clientes fijos del mismo, le dijeron a la demandante que lo que vendía era porquería. Que muchas de las personas que frecuentaron el 
*913
mismo, se envenenaron y se enfermaron, y que no pensaban volver al mismo.

11. La noticia se fue regando poco a poco y las ventas del negocio empezaran a descender vertiginosamente. La clientela ya no frecuentaba dicho negocio, hasta el día 12 de noviembre de 1997 que tuvo que vender el mismo."

Así las cosas, conforme a las alegaciones de la parte demandante, el 31 de agosto de 1998, la Sra. Torres incoa ante el foro de Primera Instancia la demanda DDP98-0874 contra los codemandados: CERVEZA HEINEKEN; B. FERNANDEZ & HERMANOS; COMPAÑIAS ASEGURADORAS A, B Y C; FULANO DE TAL; MENGANO DE TAL Y SUTANO DE TAL.
Posteriormente, el 4 de noviembre de 1998 (véase anejo XX, pág. 66 del Apéndice), la parte demandante presentó Demanda Enmendada, en la que desistió en cuanto al codemandado B. Fernández & Hnos. y por primera vez trajo al pleito y alegó en contra de Méndez & Company. Consecuentemente, también enmendó la alegación número dos de la demanda original, para que entonces adujere que "[l]a parte codemandada Méndez & Company (sic) es la compañía distribuidora con contrato de exclusividad para distribuir la cerveza Heineken en Puerto Rico; con dirección física en Royal Industrial Park, Cataño, Puerto Rico". En la demanda original se había alegado que [l]a parte codemandada B. Fernández y Hnos. es la ... es la compañía distribuidora con contrato de exclusividad para distribuir la cerveza Heineken en Puerto Rico; con dirección física en la Urb. IndustrialM. Juliá, Pueblo Viejo, Cataño, Puerto Rico".
Salvo lo señalado, la demanda original y la demanda enmendada son textualmente idénticas.
__ El 14 de junio de 1999, Méndez & Compañía (denominada en la demanda y en el emplazamiento como Méndez & Company) contestó negando los hechos esenciales a la negligencia y levantó la defensa de ja prescripción. Posteriormente, el 28 de febrero de 2000, dicha codemandada solicitó la desestimación de la demanda por prescripción.
Instancia, mediante Orden del 19 de mayo de 2000, notificada el 29 de agosto de 2000, declaró "No Ha Lugar a Moción de Desestimación presentada por la Parte Demandada". De ello acude en tiempo, vía certiorari, Méndez & Compañía, e imputa al hermano foro de Instancia la comisión del siguiente señalamiento de error:

“Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la Moción de Desestimación por prescripción radicada por la parte recurrente Méndez & Cía. ”

El 3 de noviembre de 2000, concedimos término a la parte demandante para mostrar causa por la cual no debíamos expedir el auto de certiorari con propósito de dejar sin efecto la orden recurrida y proceder a desestimar la demanda contra Méndez & Compañía por motivo de prescripción extintiva. El término venció el 24 de noviembre de 2000 y la parte demandante, aquí apelante, compareció el 1ro. de diciembre de 2000 para unir nuevamente en autos copia del Exhibit XXV de su escrito de certiorari que ya hemos examinado. Debemos resolver, conforme a lo intimado.
Exposición y Análisis
I
Se trata aquí, claramente, de una ación civil predicada en la culpa o negligencia a la que se refiere el Art. 1802 del Código Civil, 1930, 31 L.P.R.A. see. 5141, también conocida por acción "ex-delicto", respecto a la cual el término de prescripción es de un año a partir desde que se conoce el daño y su autor, Colón Prieto v Géigel, 115 D.P.R. 232, 243 (1984).
Recientemente, en Culebra Enterprises Corp. v. E.L.A., 127 D.P.R, 943, 949-950, se recapituló, *914 sucintamente, el concepto jurídico de la prescripción, donde señaló:
“La prescripción extintiva es un instituto propio de derecho civil inextricablemente unido al derecho que se intenta reivindicar. Olmo v. Young & Rubicam ofP.R., Inc., 110 D.P.R. 740 (1981). Allí, mediante el uso de la analogía, aplicamos el término de un (1) año del Art. 1868 del Código Civil, 31 L.P.R.A. see. 5298, a las acciones por violación a los derechos civiles en su modalidad de discrimen. De origen estatutario, los principios generales de la prescripción están delineados en los arts. 1861 a 1875 del Codigo Civil, 31 L.P.R.A. sees. 5291-5305. Reconocidamente, la Asamblea Legislativa tiene amplia facultad para establecer los términos correspondientes, siempre y cuando no sean tan cortos que violen la cláusula del debido proceso de ley. Alicea v. Cardova, 117 D.P.R. 676 (1986). ”
Su existencia responde a una política firmemente establecida para la solución expedita de las reclamaciones. Su propósito es evitar que el poder público proteja por tiempo indefinido los derechos no reclamados por su titular y que tampoco han sido reconocidos por aquéllos sobre quienes pesan. M. Albaladejo, Derecho Civil, Barcelona, Ed. Bosch, 189, T.I, Vol. 2, pág. 496. La prescripción castiga la inercia, a la vez que estimula el ejercicio raudo de las acciones. Mientras mas cerca de su origen se entablen las reclamaciones, mas se asegura que el transcurso del tiempo no confundirá, ni borrará, el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía.
El Artículo 1869, Código Civil de P.R. (31 L.P.R.A. § 5299), dispone que "el tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contara desde el día en que pudieron ejercitarse." El artículo anterior dispone que ello también será ...desde que lo supo el agraviado", (31 L.P.R.A. § 5298), lo que también implica desde que el afectado debió haber sabido, utilizando diligencia razonable. Véase también Prof. H. Brau del Toro, Los Daños y Perjuicios Extracontractuales en P. R., 2da. ed. Publicaciones J.T.S., Inc., 1986, Vol. 11, pág. 568. Por tanto, es doctrina firmemente establecida en esta jurisdicción la que establece que para que comience a decursar el termino prescriptivo en la responsabilidad ex-delicto o aquiliana, es menester que el perjudicado conozca o razonablemente deba conocer que ha sufrido un daño y además sepa, o razonablemente deba saber, quien es el causante del mismo para poder dirigir en su contra el reclamo. López y Pérez v. Aut. Carreteras, 93 J.T.S. 64, pág. 10658; Toledo Maldonado v. Cartagena Ortiz, 132 D.P.R. 249 (1992); Delgado Rodríguez v. Nazario de Ferrer, 121 D.P.R. 347, 361 (1988); Colón Prieto v. Géigel, 115 D.P.R. 232, 246-247 (1984); Rivera v. E.L.A., 113 D.P.R. 382 (1982).
II
Consta de las mismas alegaciones de la demanda que el alegado hecho culposo (cervezas adulteradas con partículas extrañas) fue descubierto por el agente de la parte demandante, Sr. Caminero, quien entonces administraba el Restaurante El Marino, en el mismo momento en que se detallan a la clientela y se manifiesta la alegada sintomatología, el 29 de agosto de 1997.
De las alegaciones reproducidas, también consta que los alegados efectos económicos de tales alegados hechos se manifestaron prontamente y repercutieron adversamente contra el negocio, debido a que la clientela dejó de frecuentarlo. Ello, a su vez, alegadamente causó el descalabro financiero y la eventual desfavorable venta del negocio.
No estamos, por tanto, ante la categoría "...del daño desconocido, que no viene a detectarse hasta tiempo después del acto culposo". El dato particular y alegado en la propia demanda original y demanda enmendada al efecto de que el alegado daño económico aumentó "vertiginosamente" a medida de que se fue regando la noticia, claramente expone que el efecto dañino del alegado acto culposo se manifesto de inmediato, por lo que no estamos ante el daño desconocido o detectable al tiempo de su ocurrencia. Rivera Encamación v. E.L.A., 113 D.P.R. 383, 386 (1982).
Por otro lado, el término de un año no comienza cuando el agente o empleado de la demandante (Sr. *915 Caminero) cuatro (4) días luego, informa lo sucedido a la demandante. Realmente, la prescripción comienza cuando el agente conoce, pues el conocimiento del administrador del negocio o el agente se imputa al dueño del negocio o el principal, conforme a la relación de agencia. The Bank of Nova Scotia v. Vélez Rullán, 91 D.P.R. 358, 364-365 (1964).
m
La parte demandante argumentó y el foro de Instancia aceptó, que debido a que en la demanda se incluyó a codemandados nominados ficticiamente como Aseguradoras A, B y C; Fulano de Tal; Mengano de Tal y Sutario de Tal, ello sirvió para que se interrumpiese la prescripción en cuanto a Méndez & Compañía. Ello no es correcto. Veamos.
La regla 15.3 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 15.3, dispone que:

“Cuando un demandante ignore el verdadero nombre de un demandado, deberá hacer constar este hecho en la demanda, exponiendo la reclamación específica que alega tener contra dicho demandado. En tal caso, el demandante podrá designar a dicho demandado en cualquier alegación o procedimiento con un nombre ficticio y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación o procedimiento. ”

Esta regla aplica a demandados de nombre desconocido, pero de identidad conocida. En tal caso, su efecto temporero consiste en interrumpir el término prescriptivo contra el demandado, puesto que para luego poder proseguir con el litigio para obtener sentencia en su contra, en causas "in personam" como la que nos ocupa, será menester luego sustituir la persona civil o jurídica del demandado por su nombre correcto.
"...para que la decisión del Tribunal surta efecto contra la persona así designada, ésta tiene que ser traída al pleito con su nombre correcto, luego de que se le notifique con tiempo suficiente para que pueda defenderse de la reclamación". Núñez González v. Jiménez Miranda, 122 D.P.R. 134, 141 (1988).
Del texto de la demanda consta claramente que cuando en la demanda se incluyó como parte codemandada a compañías aseguradoras A, B y C”, no se refería a la identidad conocida del distribuidor de cerveza Heineken en Puerto Rico.
Aunque en las alegaciones de la demanda original y la demanda enmendada, no se hace alegación específica respecto a los codemandados Fulano de Tal, Mengano de Tal y Sutano de Tal, bajo el supuesto de que realmente se trate de verdaderas partes codemandadas, ciertamente ninguno de tales demandados de nombres ficticios se les puede considerar como el distribuidor en Puerto Rico de la cerveza Heineken (identidad conocida), puesto que de la propia alegación número 2 de la demanda original, presentada el 31 de octubre de 1997, se alega como distribuir al codemandado B. Fernández & Hnos., con dirección física determinada_
Ello hace forzoso concluir que la identidad de tales codemandados de nombre ficticio ha de ser otra, pero no la del distribuidor de la cerveza que se conoce existe, pero que al momento de radicar la demanda se desconoce el verdadero nombre.
Como se sabe, nuestro ordenamiento procesal civil se funda en el reclamante diligente, más aún cuando se trata del tipo de alegación permitido en la Regla 15.4 de Procedimiento Civil, supra. Martínez Díaz v. E.L.A., 132 D.P.R. 200 (1992); Núñez González v. Jiménez Miranda, supra; Fuentes v. Tribunal, 73 D P R 959 985-86 (1952).
Por tanto, no cabe aquí y ante los hechos que esta causa informa, implementar la Regla 15.4 de Procedimiento Civil, supra.
*916 A tal respecto, la Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. IE, R. 13.3, dispone:

“13.3 Retroactividad de las enmiendas

Siempre que la reclamación o defensa expuesta en la alegación enmendada surgiere de la conducta, acto, omisión o evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original. Una enmienda para sustituir la parte contra la cual se reclama, se retrotraerá a la fecha de la alegación original, si, en adición a cumplirse con el requisito anterior, y dentro del término prescriptive, la parte que se trae mediante enmienda: (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedido de defenderse en los méritos, y (2) de no haber sido por un error en cuanto a la identidad del verdadero responsable, la acción se hubiera instituido originalmente en su contra. ”

IV
Es forzoso concluir que los alegados defectos intrínsecos en las cervezas se manifestaron el 29 de agosto de 1997 y con ello también se inició el alegado proceso del daño. Por otro lado, cuando la parte demandante incoa la causa DDP98-0874, el 31 de agosto de 1998, ya había transcurrido el término del año de prescripción y en autos no se alega interrupción de la prescripción.
Aún más, no fue hasta que se enmendó la demanda, el 4 de noviembre de 1998, que por primera vez se alega que Méndez & Company (sic) es el distribuidor de la cerveza Heineken en Puerto Rico, cuando a la fecha ya habían transcurrido más de dos meses de haber prescrito la acción en su contra. El hecho de que el demandado hubiera alegado en contra de un codemandado equivocada, como lo hizo en contra de B. Fernández y Hnos. no varía la ecuación jurídica, ni convierte a B. Fernández & Hnos. en un demandado de identidad conocida y nombre desconocido, capaz de luego ser sustituido por el nombre correcto. Las alegaciones del demandante claramente indican de que se trata de dos demandados, ambos de identidad y nombre conocido, al extremo de que en ambos casos se alega también respecto a las direcciones físicas donde radican sus respectivos almacenes y oficinas. Cf. Martínez Díaz v. E.L.A., 132 D.P.R. 200, 202-204 (1992).
Dictamen
Conforme a lo señalado, se expide el auto de certiorari, se deja sin efecto la resolución recurrida y se desestima con perjuicio la demanda contra la codemandada Méndez & Company (Méndez & Compañía). No existiendo razón para posponer tal dictamen desestimatorio hasta la conclusión final del pleito DDP98-0874, expresamente se ordena que la presente se registre y notifique, conforme lo dispone la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 43.5.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General