Rivera Martínez, Juez Ponente
*1122 TEXTO COMPLETO DE LA RESOLUCION EN RECONSIDERACION
El 17 de noviembre de 2003, la parte recurrente del caso de autos, presentó ante nos moción de reconsideración, por derecho propio.
Luego de un análisis del expediente en revisión, así como de las controversias envueltas, procedemos a reconsiderar nuestra resolución de 14 de octubre de 2003 y, en consecuencia, devolvemos el caso de marras a la agencia pertinente para que, de conformidad con lo aquí resuelto, se emita una notificación adecuada a las partes. Veamos.
I
El 8 de septiembre de 2003, la Sra. Elsie Pérez, Carlos Herminio Rodríguez Otero y otros (en adelante la parte recurrente), presentaron ante este tribunal solicitud de revisión de decisión administrativa. Mediante dicho recurso, solicitaron la revisión y revocación de una resolución emitida por el Comisionado de Instituciones Financieras el 1 de agosto de 2003, notificada y archivada en autos el 6 de agosto de 2004. En dicha resolución se declaró “No Ha Lugar” una moción de reconsideración presentada por la parte recurrente.
La resolución emitida por el Comisionado de Instituciones Financieras indicó, como parte de los apercibimientos de su resolución, que:

“Cualquier parte adversamente afectada por una resolución, u orden parcial o final de la Oficina, en un procedimiento administrativo, podrá solicitar reconsideración dentro del término de treinta (30) días, contados a partir de la fecha de archivo en autos de la notificación de la resolución u orden. Dicha solicitud deberá ser por escrito, consignándose claramente el término Moción de Reconsideración, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique la denegatoria o desde que expiren los treinta (30) días. Según sea el caso. La parte adversamente afectada tendrá entonces un término de treinta (30) días para acudir en revisión judicial conforme se dispone a continuación.

De la Oficina considerar la Moción de Reconsideración y emitir una determinación, la parte adversamente afectada tendrá entonces un término de treinta (30) días, a partir del archivo en autos de la copia de la notificación de la Resolución de la Oficina resolviendo definitivamente la Moción de Reconsideración para radicar un recurso de revisión judicial. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la Moción de Reconsideración. Si la Oficina acoge la Moción de Reconsideración, pero deja de tomar alguna acción en relación con dicha moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días, salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

Una parte adversamente afectada por una orden o resolución final de la Oficina y que haya agotado todos 
*1123
los remedios provistos por la Oficina, podrá presentar una solicitud de revisión judicial ante el Tribunal de Circuito de Apelaciones de Puerto Rico, dentro de un término de treinta (30) días conforme a la Sección 4.2 de la L.P.A.U. ”

Así las cosas, y mediante resolución de 14 de octubre de 2003, este Tribunal desestimó el recurso presentado por falta de jurisdicción. Este Tribunal resolvió que, conforme a lo establecido en las secciones 3.5 y 4.2 de la Ley de Procedimiento Administrativo Uniforme (en adelante la L.P.A.U.), el caso fue presentado fuera del término jurisdiccional dispuesto en ley, ya que la parte recurrente tenía veinte (20) días a partir del 26 de junio de 2003, fecha en que archivó en autos copia de la Resolución emitida, para solicitar la reconsideración y que dicho término venció el 16 de julio de 2003. Así también, la resolución de este foro indicó que la parte recurrente presentó la moción de reconsideración el 29 de julio de 2003, fuera del término de veinte (20) días dispuesto y que para esa fecha no sólo había vencido el término de veinte (20) días dispuesto en el foro administrativo, sino que había vencido el término de treinta (30) días para acudir en revisión ante este foro.
Como bien indicáramos anteriormente, el 17 de noviembre de 2003, la parte recurrente presentó Moción de Reconsideración por Derecho Propio. En la misma, dicha parte alega, en síntesis, que la parte recurrida indujo a error a la parte recurrente, ya que en su resolución de 25 de junio de 2003, le indicó que tenía treinta (30) días para solicitar reconsideración de una resolución, u orden parcial o final de la Oficina.
II
La Sec. 3.15 de la L.P.A.U., 3 L.P.R.A. sec. 2165, dispone lo relativo a los términos establecidos en ley para que una parte adversamente afectada por una resolución u orden parcial o final de una agencia pueda solicitar reconsideración de la misma. Dicha sección específicamente dispone que:
“La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia, dentro de los quince (15) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.” (Enfasis suplido) [...]
En armonía con lo anterior, la sección 4.2 de la L.P.A.U. autoriza la revisión judicial de una resolución u orden final de una agencia administrativa por una parte adversamente afectada que haya agotado todos los remedios provistos por la agencia o por el organismo apelativo correspondiente. Dicho sección reza como sigue:
“Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la [3 LPRA sec. 2165], cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo.” (Enfasis suplido) [...]
Ahora bien, el derecho a cuestionar una determinación mediante revisión judicial, al ser expresamente *1124 provisto por estatuto, pasa a formar parte del debido proceso de ley, resultando por tanto indispensable y crucial el que se notifique adecuadamente dicha determinación a todas las partes cobijadas por tal derecho. Véase, Colón Torres v. A.A.A., 143 D.P.R. 119 (1997); Asoc. Vec. Altamesa Este v. Mun. San Juan, 140 D.P.R. 24 (1996); Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983 (1995); Arroyo Moret v. F.S.E., 113 D.P.R. 379 (1982); Berríos v. Comisión de Minería, 102 D.P.R. 228 (1974).
Es importante la notificación a una parte de su derecho a procurar revisión judicial, el término disponible para así hacerlo y la fecha del archivo en autos de copia de la notificación de la adjudicación. Como parte de una notificación adecuada, debe informarse a las partes su derecho a interponer el recurso de revisión, así como el término para hacerlo. Así, sólo a partir del archivo de la notificación así requerida, es que comienza a decursar el término para presentar revisión judicial ante el tribunal correspondiente. Véase, Asoc. Vec. Altamesa Este v. Mun. San Juan, supra; Pérez Pellot v. J.A.S.A.P., 139 D.P.R. 588 (1995). Ello armoniza lo que con respecto a las sentencias se ha resuelto. Rodríguez v. Tribunal Municipal, 74 D.P.R. 656, 664 (1953), citado en Natividad de Jesús Maldonado y otros v. Corporación Azucarera de Puerto Rico, 98 J.T.S. 86.
La Sección 3.14 de la LPAU, supra, recoge estos principios al disponer que la orden o resolución que dicte una agencia administrativa advertirá el derecho de solicitar la reconsideración o revisión de la misma, con expresión de los términos correspondientes. (Enfasis nuestro.) Cumplido este requisito, comenzarán a correr dichos términos. 3 L.P.R.A. sec. 2164. Si a la parte afectada no se le notifican tales derechos, ni el término para ejercerlos, no comienza a decursar el término para recurrir en alzada. Colón Torres v. A.A.A., supra.
Ahora bien, como una notificación defectuosa impide que decurse el término para acudir en revisión, el término dentro del cual deberá interponerse el correspondiente recurso quedará sujeto a la doctrina de incuria. Véase, Colón Torres v. A.A.A., supra; Rivera v. Depto. de Servicios Sociales, 132 D.P.R. 240, 247 (1992); García v. Adm. del Derecho al Trabajo, 108 D.P.R. 53, 59 (1978).
En el caso ante nos, la resolución emitida por la Comisión de Instituciones Financieras notificó erróneamente los términos para que las partes pudieran acudir en reconsideración de la resolución. Ante dicha situación, y conforme a lo anteriormente expuesto, no han comenzado a decursar los términos para acudir a este tribunal mediante un recurso de revisión.
III
Por todo lo anterior, se deja sin efecto la resolución emitida y devolvemos el caso de autos ante la agencia recurrida para que la misma emita una notificación adecuada.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General