# 2009 DTA 80

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE GUAYAMA
PANEL X**

JOSÉ FRANCISCO RIVERA ORTIZ
Recurrido

v.

ANGELA EDNA RIVERA MALAVÉ
Peticionaria

Núm. KLCE-2009-00356

San Juan, Puerto Rico, a 13 de mayo de 2009

Panel integrado por su Presidente, el Juez Aponte Hernández,
y los Jueces Escribano Medina y Cabán García

Cabán García, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCIÓN**

Mediante recurso de *Certiorari* comparece la señora Angela E. Rivera Malavé (Peticionaria) solicitándonos que revisemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Salinas (TPI) del 19 de febrero de 2009, notificada el 25 de febrero de 2009. Mediante ésta, el TPI declaró no ha lugar la

reconsideración de una moción de desestimación presentada por la Peticionaria sobre una demanda incoada por el señor José Francisco Rivera Ortiz (Recurrido).

Por los fundamentos que expondremos a continuación, denegamos la expedición del recurso de *Certiorari*.

## I

El 16 de septiembre de 2005, el Recurrido presentó una demanda contra la Peticionaria, entre otros, reclamando la nulidad de una escritura pública de compraventa y la Ordenanza Municipal Núm. 10, serie 1994-1995. [1] Mediante la escritura pública, el Municipio de Salinas le vendió a la Recurrida un solar al amparo de la Ordenanza Municipal Núm. 10, serie 1994-1995. [2] En su reclamación, el Recurrido alegó que el mencionado solar fue cedido en usufructo por el Municipio de Salinas al señor Francisco Escolástico Rivera Moredo por lo que el usufructo sobre dicha propiedad pertenecía a los herederos del señor Rivera Moredo entre los cuales se encontraba el Recurrido.

Posteriormente, Héctor Rivera Malavé, Rafael Rivera Jr. Malavé, Melva Luz Rivera Malavé, Eva Rivera Malavé, Joansel Garayua Rivera y Mayra Eva Garayua Rivera contestaron la demanda y presentaron una demanda contra co-parte hacia la Peticionaria. Allí, los comparecientes se unieron a la causa de acción del Recurrido y reclamaron la nulidad de la escritura de compraventa.

Así las cosas, la Peticionaria solicitó la desestimación de la reclamación por falta de jurisdicción. Argumentó que habían transcurrido los veinte (20) días dispuestos en el Artículo 15.002 de la Ley Núm. 81 del 30 de agosto de 1991 conocida como la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico (Ley Núm. 81), 21 L.P.R.A. sec. 4702, para presentar una acción judicial cuestionando la validez de una ordenanza municipal, por lo que el tribunal no tenía jurisdicción sobre el asunto. La Peticionaria alegó que el Recurrido conocía desde que se tramitaba el caso civil núm. G4CI2000-00307 sobre liquidación de herencia, esto es el 27 de enero de 2005, de que el Municipio de Salinas mediante la Ordenanza Municipal Núm. 10, serie 1994-1995 había vendido el solar a la Peticionaria y a su esposo. Por tanto, concibió que el término de veinte días (20) comenzó a decursar desde que el Recurrido tuvo conocimiento de la venta del solar, por lo que la demanda había sido presentada pasado el término jurisdiccional dispuesto en el Articulo 15.002 de la Ley Núm. 81, *supra*.

Por su parte, el Recurrido se opuso a la desestimación de su recurso. Expuso que el señor Héctor Rivera Malavé presentó una acción contra el señor Escolástico Rivera Díaz donde no estaba incluido el Recurrido, por lo que las decisiones allí vertidas no le afectaron. Igualmente, mencionó que el 7 de octubre de 2000, José Héctor Rivera Malavé, Rafael Rivera Malavé y la Sucesión de Magna Eva Rivera Malavé presentaron una acción contra la Peticionaria sobre liquidación de herencia, pero que éste fue archivado sin tener el efecto de eliminar los derechos que tenían los herederos.

Luego de diversos incidentes procesales, se celebró una vista argumentativa donde las partes expusieron sus posiciones. Mediante la Resolución notificada el 9 de abril de 2008, el TPI determinó que el Recurrido nunca había sido informado de la venta del solar conforme a derecho y ordenó que se continuaran los procesos. Así, el TPI declaró sin lugar la solicitud de desestimación.

Oportunamente, el 14 de abril de 2008, la Peticionaria solicitó reconsideración. Adujo que a la fecha en que se aprobó la Ordenanza Municipal y se otorgó la escritura de compraventa, el Artículo 15.002 de la Ley Núm. 81, *supra*, no exigía la notificación por correo certificado con acuse de recibo del acto legislativo o administrativo. También alegó que el Recurrido conocía de la venta de la propiedad desde que solicitó que se le incluyera como parte demandante en el caso G4CI2000-00307 sobre liquidación de herencia, esto es, el 30 de junio de 2001. Así expuso que al unirse como parte demandante conoció que la Peticionaria había adquirido la propiedad porque de las defensas afirmativas surgía que la propiedad le pertenecía a la Sociedad Legal de

Gananciales de la Peticionaria y su esposo. Finalmente hizo referencia a la Acta-Resolución del 30 de septiembre de 2002 en el caso G4CI2000-00307 en el que se incluyeron ciertos documentos estipulados de los cuales el Recurrido advino en conocimiento de la Ordenanza Municipal, por lo que tenía desde ese momento veinte (20) días para impugnar tales actos.

En oposición, el Recurrido reconoció que conforme a lo alegado por la Peticionaria al momento de aprobarse la Ordenanza Municipal autorizando la venta y otorgarse la escritura de compraventa, la Ley Núm. 81, *supra*, no exigía la notificación por correo certificado con acuse de recibo. Sin embargo, argumentó que la enmienda que introdujo dicho requisito en el 2003 se realizó con la intención de conformar el estatuto por lo resuelto en *Río Construction v. Municipio de Caguas,* 155 D.P.R. 394 (2001), que estableció que la notificación final de una determinación de un funcionario municipal autorizado que activa el plazo de caducidad establecido en el Artículo 15.002 de la Ley Núm. 81, *supra*, es aquélla que se notifica a todas las partes o sus representantes legales o a ambos por escrito y por correo certificado. También alegó que la notificación debe advertir el término que tiene la persona para recurrir de la misma y cuál era el foro al cual tenía que recurrir.

Con el propósito de suplementar su solicitud de reconsideración, la Peticionaria expuso que en la alternativa de que el tribunal entendiera que el Recurrido no fue notificado conforme a derecho, éste había actuado contrario a la doctrina de *incuria,* ya que éste conocía de la existencia de la ordenanza municipal y sobre la venta del solar desde agosto de 1997. A esos efectos, refirió al tribunal a una moción presentada por el Recurrido en el caso G4CI2000-00307 que expresaba que todos los trámites efectuados por los demandados "fueron realizados a las espaldas de los aquí demandantes, habiendo descubierto lo sucedido, dichos demandantes a principio del mes de agosto de 1997." Así también reiteró que el Recurrido conocía del hecho de la venta del solar al menos desde el 2001 y que éste admitió mediante su representación legal en el tribunal que su cliente se enteró de la venta cuando fue incluido en el pleito.

Continuado los procedimientos, el TPI celebró otra vista argumentativa. La Peticionaria argumentó que de entender el TPI que el Recurrido no fue notificado conforme a derecho, aplicaba la doctrina de notificación constructiva.

El 19 de febrero de 2009, notificada el 25 de febrero de 2009, el TPI emitió la Resolución recurrida declarando sin lugar la solicitud de reconsideración. Concluyó que aún bajo el supuesto de que aplicara el Artículo 15.002 de la Ley Núm. 81, *supra*, el Recurrido no fue notificado conforme a derecho, por lo cual el término para solicitar la revisión judicial del acto del Municipio de Salinas no comenzó a transcurrir. Por tanto, entendió que la falta de notificación adecuada impidió que se activara el plazo fatal de caducidad de veinte (20) días, por lo que el tribunal tenía jurisdicción para atender la reclamación sobre nulidad de escritura presentada por el Recurrido. Igualmente dispuso que no aplicaban la doctrina de *incuria* ni de notificación constructiva.

Inconforme, el 17 de marzo de 2009, la Peticionaria presentó recurso de *Certiorari* en el que señaló:

"A. Cometió error el TPI al declarar no ha lugar la Solicitud de Reconsideración de la Resolución, declarando no ha lugar la Solicitud de Desestimación por falta de jurisdicción; a pesar de habérsele demostrado mediante prueba documental que el demandante-recurrido fue notificado constructivamente desde, por lo menos, el 30 de junio de 2001, que el Municipio de Salinas le había vendido a la co-demandada-recurrente el solar a que se refiere la demanda y, a pesar de ello, no interpuso la correspondiente demanda incluyendo al Municipio de Salinas, como co-demandado y solicitando la nulidad de la escritura de venta hasta el 16 de septiembre de 2005.

B. Cometió error el TPI al declarar no ha lugar la Solicitud de Reconsideración de la Resolución declarando no ha lugar la Solicitud de Desestimación por falta de jurisdicción; a pesar de habérsele demostrado mediante prueba documental que el demandante-recurrido cayó en incuria, pues desde, por lo menos, el 30 de junio de 2001 conocía que el Municipio de Salinas le había vendido a la co-demandada-recurrente el solar a que se

refiere la demanda y no fue hasta el 16 de septiembre de 2005 que interpuso la correspondiente demanda, que incluyó al Municipio de Salinas como demandado, y solicitando la nulidad de la escritura de venta."

## II

La Ley de Municipios Autónomos, *supra*, le confiere autoridad a los municipios para que dentro de sus facultades cuasi legislativas, éstos puedan aprobar reglamentos y promulgar ordenanzas. 21 L.P.R.A. sec. 4051 (o). A tenor con tal facultad, originalmente, el Art. 15.002 de la Ley de Municipios Autónomos, *supra*, disponía en lo aquí pertinente, lo siguiente:

"El Tribunal Superior de Puerto Rico entenderá y resolverá, con exclusividad, a instancia de la parte perjudicada, sobre los siguientes asuntos:

(a) Revisar cualquier acto legislativo o administrativo de cualquier funcionario u organismo municipal que lesione derechos constitucionales de los querellantes o que sea contrario a las leyes de Puerto Rico.

(b) Suspender la ejecución de cualquier ordenanza, resolución, acuerdo u orden de la Asamblea, del Alcalde, de la Junta de Subasta o de cualquier funcionario del municipio que lesione derechos garantizados por la Constitución del Estado Libre Asociado de Puerto Rico o por las leyes estatales.

(c) [...]

(d) [...]

En los casos contemplados bajo los incisos (a) y (b) de esta sección, la acción judicial sólo podrá instarse dentro de los veinte (20) días siguientes a la fecha en que el acto legislativo o administrativo se haya realizado o que la ordenanza, resolución, acuerdo u orden se haya promulgado o comunicado a la parte querellante, a menos que se disponga otra cosa por ley." (Énfasis suplido.)

El antiguo Art. 15.002, *supra*, a pesar de otorgar el derecho a la revisión judicial de los dictámenes emitidos por el Municipio o cualquier funcionario autorizado, no disponía el procedimiento aplicable para el ejercicio de tal derecho. En particular, no disponía la manera en la que debía efectuarse la notificación final que activaba el término de caducidad de veinte (20) días para acudir al Tribunal Superior. Tampoco el Municipio tiene o tenía un procedimiento administrativo para dilucidar controversias como las suscitadas en este caso. Así en *Río Construction v. Municipio de Caguas*, 155 D.P.R. 394 (2001), el Tribunal Supremo tuvo ante sí la controversia de si la decisión final que emitía un funcionario municipal en un caso particular que activaba el término de caducidad para acudir al foro judicial debía ser por escrito.

Ante tal controversia, el Tribunal Supremo decidió utilizando como analogía lo resuelto en *Vélez Rodríguez v. Pueblo Int'l, Inc.,* 135 D.P.R. 500 (1994); *E.L.A. v. Soto Santiago*, 131 D.P.R. 304, 317 (1992) esc. 6, y con el trasfondo de *Nogama Const. Corp. v. Mun. de Aibonito*, 136 D.P.R. 146 (1994), **[3]** que la notificación final de una determinación administrativa de un funcionario municipal autorizado, que activa el plazo de caducidad establecido en el Art. 15.002 de la Ley de Municipios Autónomos, *supra*, es aquélla que se notifica a todas las partes y/o a sus representantes legales por escrito y por correo certificado luego de haberse dilucidado el asunto en un procedimiento administrativo en donde las partes afectadas estén cobijadas por las garantías mínimas del debido proceso de ley. El Tribunal Supremo también expresó que el documento debía advertir que de la decisión final del municipio se podía recurrir a la Sala Superior con competencia, del Tribunal de Primera Instancia, dentro del término de veinte (20) días contados a partir de la fecha de depósito en el correo de la determinación administrativa.

El raciocinio utilizado por nuestro más alto foro recayó en que la concesión por ley del derecho a revisar

judicialmente la determinación administrativa final de un funcionario municipal, exige una notificación adecuada para garantizar tal derecho. *Río Construction v. Municipio de Caguas, supra*. Sin embargo, que para que esta notificación final fuera válida y activara el término de caducidad dispuesto por ley, además de los requisitos antes establecidos, era indispensable que el Municipio elaborara un procedimiento administrativo estructurado en el cual las partes involucradas puedan esgrimir sus derechos y defensas, particularmente en casos donde no existiera un procedimiento adecuado. *Río Construction v. Municipio de Caguas, supra*.

Como consecuencia de lo anteriormente resuelto y a modo de atemperarlo a la norma establecida por nuestro Tribunal Supremo, la Asamblea Legislativa enmendó el Artículo 15.002 mediante la Ley Núm. 99 del 27 de marzo de 2003 para establecer que la notificación final de una determinación administrativa de un funcionario municipal autorizado, el cual activa el plazo de caducidad para acudir al foro judicial, debía hacerse por escrito y mediante copia por correo regular y certificado. Igualmente la Ley Núm. 99, *supra*, dispuso que el término de veinte (20) días comenzaría a decursar a partir del depósito en el correo de dicha notificación y debía contener el apercibimiento del derecho de la parte a recurrir al Tribunal de Primera Instancia, Sala Superior, el término para apelar la decisión, fecha del archivo en auto de la copia de la notificación y a partir de qué fecha comenzaría a transcurrir el término. A la luz del derecho antes discutido, procedemos a resolver.

En su decisión, el TPI concibió que el Recurrido no fue notificado de la Ordenanza Municipal Núm. 10, serie 1994-1995 conforme a derecho, por lo cual el término para solicitar la revisión judicial del acto del Municipio de Salinas nunca comenzó a transcurrir. Por tanto, entendió que la falta de notificación adecuada impidió que se activara el plazo fatal de caducidad de veinte (20) días, por lo que el tribunal tenía jurisdicción para atender la reclamación sobre nulidad de escritura presentada por el Recurrido.

El fundamento utilizado por el TPI para su decisión fue que al momento de aprobarse la Ordenanza Municipal Núm. 10, serie 1994-1995, y otorgarse la escritura de compraventa, aunque el Artículo 15.002 de la Ley Núm. 81, *supra*, otorgaba el derecho a la revisión judicial de los dictámenes emitidos por los municipios o cualquier funcionario autorizado, éste no disponía la manera en la que debía efectuarse la notificación final que activaría el término de veinte (20) días para revisar la decisión ante los tribunales. Sin embargo, no coincidió con el argumento de la Peticionaria de que era a partir de la fecha de la aprobación de la enmienda al Artículo 15.002 mediante la Ley Núm. 99, *supra*, que los municipios debían notificar por escrito sus decisiones a las partes afectadas.

En el caso de autos, de los argumentos presentados por la Peticionaria no se desprende una fecha cierta en la que el Recurrido advino en conocimiento de la Ordenanza Municipal Núm. 10, serie 1994-1995, y de la escritura de compraventa. Pues ésta ha expuesto distintas fechas desde las cuales concibe que debió comenzar a computarse el término para que el Recurrido acudiera en revisión judicial. Sin embargo, el TPI coligió que, en efecto, el Recurrido advino en conocimiento de la Ordenanza Municipal Núm. 10, serie 1994-1995, y de la escritura de compraventa desde que solicitó intervención para que se le incluyera como demandante en el caso G4CI2000-00307, pero que éste no actuó con dejadez en el reclamo de su derecho.

En apoyo a su decisión, mencionó que del *Informe de Conferencia Preliminar entre Abogados* del 22 de octubre de 2001 e incluido como anejo en la Reconsideración solicitada por la Peticionaria, se desprende que era la intención del Recurrido impugnar en dicho proceso la titularidad del solar. También expone que mediante la Moción presentada el 12 de noviembre de 2003, surge que el Recurrido estaba específicamente solicitando como parte de los remedios que el tribunal revocara y anulara el negocio jurídico que dio lugar a la compraventa.

En el caso de autos se impugnan dos actos jurídicos: la Ordenanza Municipal Núm. 10, serie 1994-1995, y la escritura de compraventa. A esta última no necesariamente le aplican las disposiciones de la Ley Núm. 81, *supra*, sobre impugnación de ordenanzas municipales. No obstante, no intervendremos con la decisión allegada

por el TPI. El Recurrido una vez advino en conocimiento de la compraventa impugnada, realizó su reclamo dentro del foro y mediante el mecanismo que entendía adecuado. Al igual que concibió el TPI, no se le puede imputar dejadez y negligencia al Recurrido cuando a éste nunca se le notificó de la Ordenanza Municipal Núm. 10, serie 1994-1995, conforme a derecho. Sabido es que la notificación de una decisión final "es un requisito del debido proceso de ley con el que se debe cumplir de modo tal que el ciudadano afectado pueda enterarse de la decisión final que se ha tomado en su contra." *Nogama Const. Corp. v. Mun. de Aibonito, supra*, pág. 152. El deber de notificar a las partes no constituye un mero requisito. Su importancia radica en el efecto que tiene dicha notificación sobre los procedimientos posteriores al dictamen final emitido en un proceso adjudicativo. La falta de una debida notificación podría afectar el derecho de una parte a cuestionar el dictamen emitido y debilita las garantías del debido proceso de ley. *Falcón Padilla v. Maldonado Quirós*, 138 D.P.R. 983, 989 (1995). Véanse, además: *Arroyo Moret v. F.S.E.,* 113 D.P.R. 379, 381 (1982); *Berríos v. Comisión de Minería*, 102 D.P.R. 228, 230 (1974). Así pues, "[l]a correcta y oportuna notificación de las órdenes y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial." J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, **Publicaciones J.T.S.**, 1979, Vol. II, Cap. X, pág. 436.

## III

Por los fundamentos que anteceden, denegamos la expedición del recurso de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 80

**1.** Como parte demandada se encontraban además de la Peticionaria: Héctor Rivera Malavé, Rafael Rivera Jr. Malavé, Melva Luz Rivera Malavé, Eva Rivera Malavé, compuesta por sus hijas Joansel Garayua Rivera y Mayra Eva Garayua Rivera y John Doe para designar cualquier persona que no comparezca como demandado, pero que tenga derecho a la herencia.

**2.** El solar está ubicado en la Calle Monserrate, Esquina Eduardo Conde #70 del Municipio de Salinas.

**3.** En *Nogama Const. Corp. v. Mun. de Aibonito, supra*, el Tribunal resolvió que sólo la notificación formal final de una determinación administrativa de un funcionario municipal tiene el efecto de activar el término de caducidad de veinte (20) días dispuesto por el Art. 15.002 de la Ley de Municipios Autónomos, *supra*, para solicitar revisión judicial.