ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| DR. EDIEL JOSÉ VARELA DELIZ<br><br>Recurrente<br><br>v.<br><br>COMISIÓN ESTATAL DE ELECCIONES Y OTROS<br><br>Parte Recurrida | KLRA202400205 | *Revisión Administrativa* procedente de la Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV02669<br><br>Sobre:<br><br>Solicitud de Mandamus |

Panel integrado por su presidenta, la Jueza Ortíz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez.

**Rivera Pérez, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece el Dr. Ediel José Varela Deliz (en adelante, Dr. Varela Deliz o parte apelante o aspirante) mediante un recurso de revisión judicial y nos solicita que revisemos la *Sentencia* dictada y notificada el 10 de abril de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI).[1] Mediante este dictamen, el TPI desestimó la *Demanda de Mandamus* presentada por el Dr. Varela Deliz en contra de la Comisión Estatal de Elecciones (C.E.E.), los comisionados electorales de los distintos partidos, y el Estado Libre Asociado de Puerto Rico.[2]

Acogemos el recurso presentado por el Dr. Varela Deliz como uno de apelación por tratarse de la revisión de una sentencia en un caso de *mandamus* y conservamos el alfanumérico asignado.

---

[1] Anejo 1 del Apéndice del escrito titulado *Revisión*.
[2] *Id.*

Número Identificador
SEN2024_____

Por los fundamentos que expondremos, se revoca la *Sentencia* apelada y se expide el *mandamus* solicitado a los únicos efectos de que se notifique conforme a derecho la determinación *Certificación del Acuerdo* emitida por la C.E.E. el 8 de marzo de 2024 sobre el Acuerdo de la Reunión del Comité de Primarias del PNP con respecto a la moción de reconsideración presentada por la parte apelante.

**I.**

Según surge del expediente, el 20 de febrero de 2024, la C.E.E. rechazó las intenciones de aspiración del Dr. Varela Deliz de aspirante a candidato como Senador del Distrito I de San Juan bajo el Partido Nuevo Progresista (PNP) por alegadamente no haber cumplido con los requisitos de ley y los reglamentos aprobados por la C.E.E. o el partido político. El 22 de febrero de 2024, la parte aquí apelante presentó *Moción de Reconsideración* ante la C.E.E. mediante la cual arguyó entre otras cosas que la notificación realizada por el ente administrativo no cumplía con los principios mínimos del debido proceso de ley por no incluir apercibimiento y/o notificación del término para revisión ante la C.E.E. o el Tribunal de Primera Instancia.[3]

Así las cosas, el 25 de febrero de 2024 la C.E.E. refirió la *Moción de Reconsideración* ante la Comisión de Primarias del PNP.[4] El 27 de febrero de 2024, la Comisión de Primarias determinó atender el asunto y referirlo a la Oficina de Sistemas de Información y procesamiento Electrónico (OSIPE) y a su entidad consultora New Generation, para que prepararan la recopilación de data forense necesaria.[5]

Luego de varios trámites administrativos ante la C.E.E. y estando pendiente la moción de reconsideración ante el ente

---

[3] Anejo 2 del Apéndice del escrito titulado *Revisión.*
[4] Anejo 4 del Apéndice del escrito titulado *Revisión.*
[5] *Id.*

administrativo el Dr. Varela Deliz presentó el 7 de marzo de 2024[6] en el TPI el recurso de revisión administrativa SJ2024CV02247 al amparo del Artículo 13.2 de la Ley Núm. 58-2020, según enmendada, mejor conocida como *"Código Electoral de Puerto Rico de 2020"*, 16 LPRA sec. 4501 *et seq.* (en adelante, Código Electoral).[7] Al día siguiente, aunque notificada el 20 de marzo de 2024, el TPI dictó *Sentencia* en el caso número SJ2024CV02247 desestimando sin perjuicio el recurso sin entrar en sus méritos por haberse presentado de forma prematura.[8]

Ese mismo día, la C.E.E. notificó la *Certificación de Acuerdo* de la Comisión de Primarias del PNP mediante la cual declaró No Ha Lugar la *Moción de Reconsideración* presentada por el Dr. Varela Deliz y de la cual surge que la notificación fue cursada a drevarela@gmail.com, email provisto por la parte, pero no así a sus abogados que obraban en récord en la C.E.E. y sin las advertencias de ley respecto a los términos de revisión.[9]

El 11 de marzo de 2024, la parte apelante remitió una misiva a la C.E.E. informándole que le había desestimado el caso SJ2024CV02247 por prematuro en espera de que la C.E.E. se expresara sobre la reconsideración presentada por el Dr. Varela Deliz.[10]

El 20 de marzo de 2024, la parte aquí apelante presentó ante el foro primario *Demanda de Mandamus* en contra de la C.E.E., la Comisionada del PNP, la Comisionada Electoral del Partido Popular Democrático, Karla Angleró González (en adelante, "Comisionada del

---

[6] Este mismo día se celebró reunión del Comité de Primarias del PNP respecto a la *Moción de Reconsideración* del aspirante Dr. Varela Deliz respecto al asunto de los endosos.

[7] Anejo 2 del Apéndice del escrito titulado *Revisión*.

[8] *Id.*

[9] *Id.* De haber esta correctamente realizada la notificación de la Certificación de Acuerdo de 8 de marzo de 2024, la parte aquí apelante hubiera tenido hasta el 18 de marzo de 2024 para presentar su recurso de revisión administrativa ante el TPI al amparo del Artículo 13.2 de la Ley Núm. 58-2020, según enmendada, mejor conocida como *"Código Electoral de Puerto Rico de 2020"*, supra.

[10] Anejo 2 del Apéndice del escrito titulado *Revisión*.

PPD"), el Comisionado Electoral del Partido Independentista Puertorriqueño, Roberto Iván Aponte Berríos (en adelante, "Comisionado del PIP"), el Comisionado Electoral del Partido Proyecto Dignidad, Nelson Rosario Rodríguez (en adelante, "Comisionado de PD"), la Comisionada Electoral del Partido Movimiento Victoria Ciudadana, Lillian Aponte Dones (en adelante, "Comisionada del MVC") y al Estado Libre Asociado, por conducto del Secretario del Departamento de Justicia, Lcdo. Domingo Emmanuelli Hernández.[11] La parte apelante, solicitó mediante su petición de *mandamus* lo siguiente:

a. Que se Ordenara a la Oficina de Radicaciones de la C.E.E. entregar el último "Informe de Peticiones de Endoso Rechazadas por Aspirantes o Candidato" del Aspirante Dr. Ediel Jose Varela Deliz.

b. Que el Secretario de la C.E.E., Lcdo. Rolando Cuevas Colón, informara por escrito al aquí Demandante la fecha en que notificó la Moción de Reconsideración a la Comisión y entregue la información solicitada por parte del aquí demandante Dr. Ediel José Varela Deliz.

c. Que la CEE notifique su determinación al aquí Demandante, Dr. Ediel José Varela Deliz en cuanto a la Moción de Reconsideración sometida el 22 de febrero de 2024.

Así las cosas, al día siguiente el foro primario dictó *Orden para Mostrar Causa* para que la parte apelada en el término de tres (3) días mostrara causa por la cual no se debía conceder el remedio solicitado, para que en el término de cuarenta y ocho (48) horas la parte apelante diligenciara y notificara la orden y señaló vista argumentativa para el 4 de abril de 2024.[12]

---

[11] *Id.* La parte apelante notificó su *Demanda de Mandamus* a la C.E.E., a todos los comisionados de los partidos políticos de forma personal y dejo copia en el área de correspondencia del Departamento de Justicia. Véase la entrada Núm. 3 del expediente digital del Caso Núm. SJ202024CV02669 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[12] Véase la entrada Núm. 5 del expediente digital del Caso Núm. SJ202024CV02669 en SUMAC. Del trámite de la causa surge que se diligenciaron según ordenadas por el TPI las Ordenes de Mostrar Causa y en el caso particular del Departamento de Justicia se realizó por conducto de la Lcda. Susana I. Peñagaricano Brown.

El 1 de abril de 202, la Lcda. Vanessa Santodomingo Cruz, Comisionada del PNP presentó *Moción en Cumplimiento de Orden y Solicitud de Desestimación*.[13] En su escrito la Comisionada del PNP se opuso a la solicitud de *mandamus* y solicitó la desestimación de la causa de acción por la parte apelante no haber presentado dentro del término de diez (10) días dispuestos para acudir mediante recurso de revisión de las determinaciones de la C.E.E. ante el TPI de conformidad a lo dispuesto en el Artículo 13.2 del Código Electoral, *supra*.[14]

Por su parte, el 2 de abril de 2024, la Hon. Jessika D. Padilla Rivera en su carácter como presidenta de C.E.E., presentó *Moción en Cumplimiento de Orden de Mostrar Causa y Solicitando Desestimación y en Oposición a que se Emita Recurso de Mandamus*.[15] Dicha parte también solicitó la desestimación del *mandamus* por los mismos argumentos. En específico argumentó lo siguiente:

> "A la fecha de la radicación de este escrito dicho recurso de revisión sobre el asunto electoral de la aspiración política del peticionario, aún no se ha presentado. Lo que tiene el efecto de privar a este Honorable Tribunal para atender cualquier reclamo producto de la Certificación de Acuerdo CP-PNP-24-0005, emitida y notificada el 8 de marzo de 2024, toda vez que carece de jurisdicción."

El 4 de abril de 2024, el foro primario celebró una vista argumentativa.[16] Luego de concluida la vista, el TPI les concedió a las partes hasta el 8 de abril de 2024 para presentar escritos adicionales.

---

[13] Anejo 3 del Apéndice del escrito titulado *Revisión*.
[14] *Id.*
[15] Anejo 4 del Apéndice del escrito titulado *Revisión*.
[16] Véase la entrada Núm. 23 del expediente digital del Caso Núm. SJ202024CV02669 en SUMAC. Según surge de la *Minuta* de la vista solamente comparecieron la parte apelante, la C.E.E. y la Comisionada del PNP por conducto de sus respectivas representaciones legales. Aunque la vista fue señalada como una argumentativa declararon bajo juramento la parte apelante y la Sra. Raquel Vélez Molina.

Luego de que las partes presentaran sus escritos finales, el TPI dictó y notigicó *Sentencia* el 10 de abril de 2024 mediante la cual declaró No Ha Lugar la solicitud de *mandamus* y desestimó la causa de acción.[17]

Inconforme con dicha determinación, el 22 de abril de 2024, la parte aquí apelante presentó escrito titulado *Revisión* el cual acogimos como una apelación. En el mismo señala que el foro primario cometió los siguientes errores:

> **Primero:** Erró el Tribunal cuando dispuso "por lo que, ante la ausencia de una actuación irrazonable, ilegal, arbitraria o que lacere derechos constitucionales de una parte, este Tribunal está imposibilitado de sustituir el criterio de la C.E.E. por otro distinto, sobre todo cuando tal criterio se basó en la letra clara y libre de ambigüedades del Código Electoral y la Reglamentación aplicable." En vista del Art. 7.15 del CEPR.

> **Segundo:** Erró el Tribunal en su conclusión de que la firma se establece como elemento para denegar un endoso.

> **Tercero:** Erró el Tribunal en cuanto a su determinación sobre la notificación.

Ese mismo día, este foro intermedio le concedió a las parteS apeladas un término de cinco (5) días para expresarse. El 24 de abril de 2024, mediante *Resolución* se le ordenó a la C.E.E. presentar copia de la *Certificación de Acuerdo* emitida el 8 de marzo de 2024 por la Comisión de Primarias de del PNP en el caso CP-PNP-20-005. La C.E.E. cumplió con lo ordenado mediante *Moción en Cumplimiento de Orden Radicando determinación de la Comisión Estatal de Elecciones Sobre Reconsideración de Recurrente Ante Ese Foro y Estableciendo Interés de Parte Compareciente en Exponer su Posición en Caso de Haberse Perfeccionado Recurso.* En su escrito la C.E.E., alegó que como parte del trámite apelativo la parte

---

[17] Véase nota al calce 1. El TPI notifico su sentencia solamente a las representaciones legales de la C.E.E., a la Comisionada del PNP y a la parte apelante partes que fueron debidamente notificadas y comparecieron al proceso.

apelante no notificó el recurso a varias partes interesadas que fueron parte del caso, en específico al Secretario de Justicia y al Procurador General. Al día siguientes, mediante *Resolución* se le ordenó a la parte apelante expresarse sobre las alegaciones de falta de notificación y se le reiteró el término concedido a la C.E.E. para expresarse sobre los méritos del recurso, en ambos casos se le concedió hasta el 27 de abril de 2024 para expresarse.

En cumplimiento con lo ordenado, el 26 de abril de 2024 el Dr. Varela Deliz presentó *Moción en Respuesta a Orden [...]*. En su escrito la parte apelante arguye que "solamente fueron notificados las partes que comparecieron ante la radicación del Mandamus ante el TPI" y a quienes el TPI le notificó la *Sentencia* apelada. Por tanto, plantearon que por la naturaleza de lo reclamado el Secretario de Justicia no era parte.

En esa misma fecha, la C.E.E. presentó su *Escrito de Oposición a Recurso de Revisión*. El 27 de abril de 2024, la Comisionada Electoral del PNP presentó su alegato en oposición.

Por tanto, con el beneficio de la comparecencia de todas las partes procedemos a resolver.

**II.**

**A.**

El auto de *mandamus* es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; *Kilómetro 0 v. Pesquera López et al.*, 207 DPR 200, (2021). Debido a su naturaleza extraordinaria, el *mandamus* está disponible exclusivamente cuando "el peticionario carece de un recurso adecuado y eficaz en el curso ordinario de la ley". Artículo 651 del Código de Enjuiciamiento Civil, *supra*; *Aponte Rosario et al.*

*v. Pres. CEE II*, 205 DPR 400 (2020). Este, "aunque es un remedio en ley, participa de la índole de los de equidad". *AMPR v. Srio. Educación, E.L.A.,* 178 DPR 253, 264, (2010).

Este recurso sólo procede para exigir el cumplimiento de un deber impuesto por la ley, es decir de un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *Espina v. Calderón, Juez, Sucn. Espina, Int.,* 75 DPR 76, 84 (1953); *Álvarez de Choudens v. Tribunal Superior,* 103 DPR 235, 242 (1974).

A tenor con lo anterior, la petición de *mandamus* debe evaluarse a la luz de diversos requerimientos, entiéndase: (1) que el demandado tenga un deber u obligación ministerial impuesto por ley; (2) que el peticionario tenga un interés especial en el derecho que reclama; (3) que el deber de actuar de la agencia y el derecho del peticionario surjan de la ley de forma clara y patente; (4) que el peticionario no tiene otro remedio legal para hacer valer su derecho; y (5) que, estimado el efecto que tendrá la expedición del auto, el Tribunal entienda que los fines de la justicia obligan a su expedición. Véase, Artículos 649-651 del Código de Enjuiciamiento Civil, *supra.*

**B.**

La jurisdicción "[e]s el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración". *Metro Senior v. AFV,* 209 DPR 203, 208-209 (2022); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Los tribunales carecen de discreción para asumirla donde no existe. *Metro Senior v. AFV,* supra; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019). Así, los asuntos jurisdiccionales deben atenderse con primacía pues, una sentencia dictada sin jurisdicción es nula. *Metro Senior v. AFV,* supra*; Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 386 (2020); *Ruiz Camilo v. Trafon Group, Inc.,*

200 DPR 254, 268 (2018); *Cruz Padilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012).

En Puerto Rico, los tribunales son foros de jurisdicción general por lo que, de ordinario, pueden atender todo tipo de controversia que sea traída ante su consideración y que sea justiciable. *Adm. Terrenos y. Ponce Bayland*, 207 DPR 586 (2021); *Beltrán Cintrón et al. y. ELA et al.*, supra; *Rodríguez Rivera y. De León Otaño*, 191 DPR 700, 708 (2014). Así pues, para privar a un tribunal de jurisdicción, es necesario que algún estatuto lo disponga expresamente o que surja de él por implicación necesaria. *Báez Rodríguez et al. y. E.L.A.*, 179 DPR 231, 241 (2010); *Mun. Arecibo y. Mun. Quebradillas*, 161 DPR 109, 114 (2004); J. *Directores v. Ramos*, 157 DPR 818, 824 (2002).

Al respecto, el Tribunal Supremo ha señalado que los tribunales deben ser celosos guardianes de su jurisdicción por lo que, si se carece de esta, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Allied Mgmt. Group y. Oriental Bank*, supra, pág. 386; *Pérez Soto y. Cantera Pérez, Inc. et al.*, supra. La falta de jurisdicción es, pues, insubsanable. *Allied Mgmt. Group y. Oriental Bank*, supra; *JMG Investment v. ELA et al.*, 203 DPR 708, 714 (2019); *Bco. Santander y. Correa García*, 196 DPR 452, 470 (2016).

### C.

La Constitución del Estado Libre Asociado de Puerto Rico, al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que: "ninguna persona será privada de su libertad o propiedad sin un debido proceso de ley." Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1.

El debido proceso de ley se manifiesta en dos dimensiones distintas: sustantiva y procesal. Al amparo del debido proceso

sustantivo, los tribunales examinan la validez de una ley, a la luz de los preceptos constitucionales pertinentes, con el propósito de proteger los derechos fundamentales de las personas. Bajo este análisis, el Estado, al aprobar leyes o al realizar alguna actuación, no puede afectar de manera irrazonable, arbitraria o caprichosa los intereses de propiedad o libertad. *Román Ortiz v. OGPe*, 203 DPR 947 (2020); *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881 (1993); *Rodríguez Rodríguez v. E.L.A.*, 130 DPR 562 (1992); *Rivera Santiago v. Srio. de Hacienda*, 119 DPR 265 (1987). Por otro lado, en el debido proceso de ley procesal se le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo. *Román Ortiz v. OGPe*, supra; *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* supra; *López Vives v. Policía de Puerto Rico*, 118 DPR 219 (1987).

Para que entre en vigor la protección que ofrece este derecho, en su vertiente procesal, tiene que estar en juego un interés individual de libertad o propiedad. *Board of Regents v. Roth*, 408 US 565 (1972); *Rivera Santiago v. Srio. de Hacienda*, supra, pág. 274. Una vez cumplida esta exigencia, hay que determinar cuál es el procedimiento exigido. *Rivera Santiago v. Srio. de Hacienda,* supra, pág. 274; *Morissey v. Brewer*, 408 US 471, 481 (1982). Dependiendo de las circunstancias, diversas situaciones pueden requerir diferentes tipos de procedimientos, pero siempre persiste el requisito general de que el proceso gubernamental debe ser justo e imparcial. Véase: *Rivera Santiago v. Srio. de Hacienda,* supra, pág. 274.

La jurisprudencia ha establecido diversos requisitos que debe cumplir todo procedimiento adversativo, para satisfacer las exigencias del debido proceso, a saber: **(1) notificación adecuada del proceso**; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (5) derecho a contrainterrogar testigos y examinar

evidencia presentada en su contra; (6) **tener asistencia de abogado** y (7) que la decisión se base en el récord. *Román Ortiz v. OGPe,* supra; *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* supra.

En el ámbito administrativo, el debido proceso de ley no tiene la misma rigidez que en los procedimientos adjudicativos ante los tribunales. *Álamo Romero v. Adm. de Corrección,* 175 DPR 314, 329 (2009). Esto obedece en gran medida a la necesidad que tienen las agencias administrativas de tramitar sus procedimientos de forma expedita y a la pericia que se presume tienen para atender y resolver los asuntos que le han sido delegados. *Báez Díaz v. E.L.A.,* 179 DPR 605, 623 (2010). Sin embargo, se ha reiterado que el procedimiento adjudicativo administrativo debe de ser justo en todas sus etapas y tiene que ceñirse a las garantías mínimas del debido proceso de ley, conforme al interés involucrado y a la naturaleza del procedimiento que se trate. *Álamo Romero v. Adm. de Corrección,* supra, pág. 330; *López Vives v. Policía de Puerto Rico,* supra.

### D.

De igual forma, se exige de la agencia una notificación correcta que es característica imprescindible del *debido proceso de ley.* El propósito que sirve la notificación es proteger el derecho de procurar la revisión judicial de la parte afectada por un dictamen *a quo* adverso. *Mun. San Juan v. Plaza Las Américas,* 169 DPR 310 (2006); *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* supra.

La notificación concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia y otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. *Asoc. Vec. Altamesa Este v. Mun. de San Juan,* 140 DPR 24 (1996). Ante ello, resulta indispensable que se notifique adecuadamente cualquier determinación de la agencia que afecte los intereses de un ciudadano. *Mun. San Juan v.*

*Plaza Las Américas,* supra; *Asoc. Vec. de Altamesa Este v. Mun. San Juan,* supra.

La notificación adecuada supone la advertencia de los siguientes preceptos: (1) derecho a solicitar reconsideración de la decisión tomada; (2) **derecho a solicitar revisión judicial** o juicio de novo, según sea el caso; y (3) **los términos correspondientes para ejercitar dichos derechos**. El incumplimiento con alguno de estos requisitos resulta en una notificación defectuosa, por lo que no comienzan a transcurrir los términos para solicitar los mecanismos procesales posteriores o la revisión judicial del dictamen. *Maldonado v. Junta Planificación,* 171 DPR 46 (2007); *Asoc. Vec. de Altamesa Este v. Mun. San Juan,* supra. Es decir, el deber de notificar a las partes una determinación administrativa de manera adecuada y completa *no constituye un mero requisito. Río Const. Corp. v. Mun. de Caguas,* 155 DPR 394 (2001).

### E.

En el 2020, se promulgó la Ley Núm. 58-2020, según enmendada, conocida como *"Código Electoral de Puerto Rico de 2020",* 16 LPRA sec. 4501 *et seq.* (Código Electoral), la cual realizó una serie de cambios significativos en el proceso electoral de la Isla. Este Código, diseñado para fortalecer la democracia y mejorar la transparencia en los procesos electorales, aborda temas clave como la inscripción de votantes y la organización de elecciones.

En lo pertinente al caso ante nuestra consideración, el Código Electoral establece determinados mecanismos para que una persona que no esté conforme con los resultados de una elección o determinación administrativa de la C.E.E. pueda impugnar los mismos. Lo anterior, bien sea a través del recurso de impugnación de elección o el de revisión judicial.

En cuanto a las revisiones en el Tribunal de Primera Instancia, el Artículo 13.2 del Código Electoral, *supra*, dispone que lo siguiente:

Con excepción de otra cosa dispuesta en esta Ley:

(1) **Cualquier Comisionado Electoral o parte adversamente afectada por una decisión, resolución, determinación u orden de la Comisión o la Comisión Local podrá, dentro de los diez (10) días siguientes a la notificación de esta, recurrir al Tribunal de Primera Instancia con la presentación de un recurso legal de revisión.**

(a) La parte promovente tendrá la responsabilidad de notificar, dentro de dicho término, copia del recurso de revisión a través de la Secretaría de la Comisión, así como a cualquier otra parte adversamente afectada, dentro del término para recurrir al Tribunal. Dicho término se interrumpirá con la presentación de una moción de reconsideración dentro del mismo término. La moción de reconsideración será presentada al Secretario quien notificará a la Comisión y a cualquier parte adversamente afectada en el referido término. Solo se tendrá derecho a una moción de reconsideración, la cual deberá ser resuelta por el Presidente dentro de un término de cinco (5) días contados a partir de la notificación del Secretario. Desde la decisión resolviendo la moción de reconsideración, la cual se notificará a través del Secretario a los Comisionados Electorales y a las partes adversamente afectadas, estos tendrán diez (10) días para solicitar revisión ante el Tribunal de Primera Instancia.

(b) El Tribunal de Primera Instancia realizará una vista en su fondo, recibirá evidencia y formulará las determinaciones de hecho y las conclusiones de derecho que correspondan. El Tribunal deberá resolver la solicitud de revisión dentro de un término no mayor de veinte (20) días, contado a partir de la fecha en que el caso quede sometido.

(c) El término para acudir en revisión judicial al Tribunal de Primera Instancia se podrá interrumpir con la presentación de una solicitud de reconsideración dentro del mismo término para acudir en revisión judicial, siempre que se notifique a cualquier parte adversamente afectada durante el referido término. El Tribunal de Primera Instancia tendrá cinco (5) días para resolver y dirimir la misma. Si no la resolviere en el referido término, se entenderá que fue rechazada de plano, y las partes podrán acudir en revisión judicial al Tribunal de Apelaciones. Solo se tendrá derecho a una moción de reconsideración.

(2) Dentro de los treinta (30) días anteriores a una votación el término para presentar el recurso legal de revisión será de cuarenta y ocho (48) horas. La parte promovente tendrá la responsabilidad de notificar dentro de dicho término copia del escrito de revisión a la Comisión y a cualquier otra parte afectada. El Tribunal de Primera Instancia deberá resolver dicha revisión dentro de un término no mayor de cinco (5)

días, contados a partir de la presentación del caso. En estos casos, no habrá derecho a reconsideración.

(3) En todo asunto o controversia que surja dentro de los cinco (5) días previos a la realización de una votación el término para presentar el recurso de revisión en el Tribunal de Primera Instancia será de veinticuatro (24) horas. Deberá notificarse en el mismo día de su presentación y el Tribunal de Primera Instancia resolverá no más tarde del día siguiente a su presentación. En estos casos, no habrá derecho a reconsideración.

(4) Los casos de impugnación de una votación, así como todos los recursos de revisión interpuestos contra la Comisión, serán considerados en el Tribunal de Primera Instancia de San Juan. (Énfasis suplido)

Por su parte, el Artículo 13.3 del Código Electoral, *supra,* regula lo relacionado a las revisiones en el Tribunal de Apelaciones y el Tribunal Supremo.[18]

---

[18] Dicha disposición legal dispone lo siguiente:

Con excepción de otra cosa dispuesta en esta Ley:

(1) Cualquier parte afectada por una decisión del Tribunal de Primera Instancia, podrá presentar un recurso de revisión fundamentado en el Tribunal Apelaciones, dentro de los diez (10) días siguientes a la notificación de esta. El mismo término tendrá una parte afectada para recurrir al Tribunal Supremo en *certiorari.* El Tribunal Supremo y el Tribunal de Apelaciones tendrán un término de diez (10) días para resolver el caso ante su consideración.

(a) El recurrente podrá presentar una moción de reconsideración en el Tribunal de Apelaciones dentro del mismo término para acudir en revisión al Tribunal Supremo, siempre que se notifique a cualquier parte adversamente afectada durante el referido término. Dicha moción de reconsideración interrumpirá el término para acudir al Tribunal Supremo.

(b) El Tribunal de Apelaciones tendrá cinco (5) días para resolver y dirimir la misma. Si no la resolviere en dicho término, se entenderá que fue rechazada de plano, y las partes podrán acudir en revisión judicial a un tribunal de mayor jerarquía. Solo se tendrá derecho a una moción de reconsideración.

(2) Dentro de los treinta (30) días anteriores a una votación, el término para presentar el recurso de revisión en el Tribunal de Apelaciones será de cuarenta y ocho (48) horas. El mismo término tendrá una parte para recurrir al Tribunal Supremo mediante un recurso de *certiorari.* La parte promovente tendrá la responsabilidad de notificar dentro de dicho término copia del escrito de revisión al Tribunal del cual se recurre y a cualquier otra parte afectada. El Tribunal deberá resolver dicha revisión dentro de un término no mayor de cinco (5) días, contados a partir de la presentación del caso. En estos casos, no habrá derecho a reconsideración.

(3) Para todo asunto o controversia que surja dentro de los cinco (5) días previos a la celebración de una votación, el término para presentar el recurso de revisión será de veinticuatro (24) horas; deberá notificarse en el mismo día de su presentación; y resolverse no más tarde del día siguiente a su presentación. La parte promovente tendrá la responsabilidad de notificar en el mismo día de su presentación copia del escrito de revisión al Tribunal del cual se recurre; notificar a cualquier otra parte afectada; y resolverse no más tarde del día siguiente a su presentación. En estos casos, no habrá derecho a reconsideración.

(4) Mediante auto de certificación, a ser expedido discrecionalmente, *motus propio* o a solicitud de parte, el Tribunal Supremo podrá traer inmediatamente ante sí para considerar y resolver cualquier asunto electoral pendiente ante el Tribunal de

Por otra parte, en cuanto a los derechos y prerrogativas de los electores, el Artículo 5.1 del Código Electoral, *supra*, dispone lo siguiente:

Reafirmando el derecho fundamental al voto universal, igual, directo, secreto y protegido contra toda coacción y la garantía de la más clara expresión e intención de la voluntad democrática del pueblo, también reconocemos los siguientes derechos y prerrogativas de los Electores:

[…]

(14) El derecho de los electores afiliados al debido proceso de la ley en todo procedimiento disciplinario interno, al igual que en los procesos deliberativos y las decisiones de sus Partidos Políticos.

**(15) El derecho del Elector afiliado aspirante a una candidatura a solicitar primarias en su Partido Político y la realización de estas conforme a las garantías, los derechos y los procedimientos establecidos en esta Ley.**

[…]. (Énfasis suplido)

**III.**

Como cuestión de umbral, así como de la evaluación del legajo judicial y luego de auscultar nuestra jurisdicción entendemos que no existe impedimento ante la preminencia de las controversias planteadas para atender el recurso ante nuestra consideración.

Es importante puntualizar que el primer y segundo señalamientos de errores esgrimido por la parte aquí apelante van dirigidos a los méritos de la controversia electoral clásico de un recurso de revisión.   Sin embargo, la naturaleza del recurso presentado ante el TPI fue un recurso extraordinario de *mandamus* que no tiene cabida por su naturaleza ni sustituye el recurso de revisión estatuido en el Artículo 13.2 del Código Electoral, *supra.* Dicha disposición legal establece que cualquier "parte adversamente afectada por una decisión, resolución, determinación u orden de la

---

Primera Instancia o el Tribunal de Apelaciones, cuando se plantee la existencia de un conflicto entre decisiones previas del Tribunal de Apelaciones, se planteen cuestiones noveles de derecho o se planteen cuestiones de alto interés público que incluyan cualquier cuestión constitucional sustancial al amparo de la Constitución de Puerto Rico y/o la Constitución de Estados Unidos de América.

Comisión o la Comisión Local podrá, dentro de los diez (10) días siguientes a la notificación de esta, recurrir al Tribunal de Primera Instancia con la presentación de un recurso legal de revisión."

Por tanto, la evaluación del foro primario debió circunscribirse a dirimir si se cumplían los siguientes criterios: (1) que el demandado tenga un deber u obligación ministerial impuesto por ley; (2) que el peticionario tenga un interés especial en el derecho que reclama; (3) que el deber de actuar de la agencia y el derecho del peticionario surjan de la ley de forma clara y patente; (4) que el peticionario no tiene otro remedio legal para hacer valer su derecho; y (5) que, estimado el efecto que tendrá la expedición del auto, el Tribunal entienda que los fines de la justicia obligan a su expedición. Véase, Artículos 649-651 del Código de Enjuiciamiento Civil, *supra.*

De la solicitud de *mandamus* presentada el 20 de marzo de 2024 ante el TPI por la parte apelante surge que su solicitud eran los tres (3) asuntos siguientes: (1) que se ordenara a la Oficina de Radicaciones de la C.E.E. entregar el último "Informe de Peticiones de Endoso Rechazadas por Aspirantes o Candidato" del aspirante Dr. Varela Deliz; (2) que el Secretario de la C.E.E., Lcdo. Rolando Cuevas Colón, le informara por escrito la fecha en que notificó la *Moción de Reconsideración* a la Comisión, y (3) que se la C.E.E. notificara su determinación en cuanto a la *Moción de Reconsideración* sometida el 22 de febrero de 2024.

Sin embargo, es importante puntualizar que del análisis del expediente judicial surge que para el 25 de febrero de 2024 fue referida la *Moción de Reconsideración* presentada por la parte aquí demandante ante la C.E.E. a la Comisión de Primarias. Además, según dispuesto por el TPI respecto a la solicitud de "Informe de Peticiones de Endoso Rechazadas por Aspirantes o Candidato" del aspirante Dr. Varela Deliz no quedó probado que la parte aquí apelante hubiera realizado un requerimiento previo a la C.E.E., por

tanto, la parte aquí apelante no cumplió con el requisito previo de haber realizado una solicitud formal a la agencia. En la misiva que la parte apelante cursó el 10 marzo de 2024 a la C.E.E. no hace referencia a dicha petición y según surge del expediente del caso la parte tiene conocimiento de lo endosos rechazados.[19]

La parte aquí apelante señala en su tercer señalamiento de error que incidió el foro primario en cuanto a su determinación sobre la notificación. Le asiste la razón. Veamos.

Según surge de la *Sentencia* apelada respecto a la notificación el TPI expresó lo siguiente:

[…]

El 4 de abril de 2024, se celebró una *Vista Argumentativa* en la que las partes que asistieron, a saber, Varela Deliz, la CEE y la Comisionada del PNP, tuvieron oportunidad de exponer ampliamente sus posiciones. **En resumen, la representación legal de Varela Deliz argumentó que habían presentado el recurso de *Mandamus* toda vez que se encontraban en un limbo jurídico ante la alegada falta de respuesta de la CEE a la moción de reconsideración que habían presentado el 22 de febrero de 2024. De igual forma, se alegó que Varela Deliz no había recibido ninguna comunicación de parte de la CEE y que fue el 2 de abril de 2024, cuando advino en conocimiento de la determinación sobre la *Moción de Reconsideración* a través de la moción presentada por la CEE en el presente caso. Asimismo, adujo que la dirección de correo electrónico a la que se envió la determinación de la CEE no es la dirección correcta de Varela Deliz y que además, tal notificación fue insuficiente e inadecuada pues no se le notificó la misma a sus representantes legales.**
Por economía procesal, aun tratándose de un proceso de M*andamus,* este Tribunal permitió que la representación legal de Varela Deliz se expresara en cuanto a la controversia sobre los endosos. […]
Por su parte, **la CEE arguyó, entre otras cosas, que la *Moción de Reconsideración* está firmada por Varela Deliz en unión a sus abogados, por lo que con la notificación a cualquiera de los que firmó la misma es suficiente.** Además, expuso que la dirección electrónica a la que se notificó la *Moción de Reconsideración* es la que el peticionario proveyó en todos sus escritos, por lo que, si estaba incorrecta, fue un daño autoinfligido de Varela Deliz.

---

[19] Véase, *Escrito en Solicitud de Remedio* presentado el 8 de abril de 2024 y sus anejos. Entrada Núm. 19 del expediente digital del caso SJ2024CV02669 en el SUMAC.

[…]

Además, el foro primario realizó las siguientes determinaciones de hechos respecto a la notificación en controversia:

## II. DETERMINACIONES DE HECHOS

1. El 22 de febrero de 2024, Varela Deliz presentó una *Moción de Reconsideración* ante la CEE por haberse rechazado su intención de candidatura al puesto de Senador por el Distrito de San Juan I bajo el PNP.

2. Tanto Varela Deliz, como sus representantes legales, firmaron el documento de la *Moción de Reconsideración* y junto a sus firmas colocaron sus respectivos correos electrónicos, siendo el de Varela Deliz: drevarela@gmail.com.

3. El 8 de marzo de 2024, a las 9:23 a.m., el Lcdo. Rolando Cuevas Colón, secretario de la CEE, envió un correo electrónico a drevarela@gmail.com, en el que adjuntó la Certificación de Acuerdo CP-PNP-24-0105 sobre la *Moción de Reconsideración* presentada por Varela Deliz.
[…]

El TPI correctamente concluyó en la *Sentencia* apelada respecto a lo notificación lo siguiente:

> Ante la prueba presentada por la CEE, Varela Deliz argumentó que la notificación no fue suficiente ni adecuada, toda vez que no se le notificó a su representación legal. Además, expresó que el correo electrónico al que enviaron la determinación no está correcto. A tales planteamientos, la CEE indicó que en la *Moción de Reconsideración* compareció Varela Deliz en su carácter personal y también comparecieron dos abogados, por lo que con notificar a uno de ellos era suficiente. Añadió que, si Varela Deliz brindó en todos sus escritos una dirección electrónica incorrecta, ello fue un daño autoinfligido.
>
> De esta forma, le corresponde al Tribunal determinar si la notificación que la CEE realizó el 8 de marzo de 2024 a Varela Deliz es suficiente y es adecuada, aun cuando no se haya notificado a sus abogados. Respondemos en la negativa. Debemos recordar que una notificación adecuada emana del debido proceso de ley y es requisito indispensable para la validez del procedimiento administrativo de carácter adjudicativo en sus distintas etapas. *Mun. San Juan v. Plaza las Américas, supra*, pág. 329. Por otro lado, el Tribunal Supremo ha expresado que cuando una parte haya comparecido representada por abogado a un procedimiento administrativo, la notificación de cualquier escrito debe tramitarse a través de éste, aplicando como norma supletoria, lo dispuesto a tales fines en la Regla 67.2 de Procedimiento Civil, *supra*.

*Santiago Dávila v. [F.S.E.],* 113 DPR 627, 631 (1982). No hay controversia respecto a que en su escrito de reconsideración presentado ante la CEE el 22 de febrero de 2024, Varela Deliz compareció por medio de sus abogados, por lo que, aun cuando su firma se haya añadido en el escrito, la determinación necesariamente tenía que estar dirigida a por lo menos uno de los abogados comparecientes. Así pues, aun cuando la CEE demostró haber notificado su determinación el 8 de marzo de 2024, esta notificación no fue suficiente, toda vez que tenía que notificarse a uno de los abogados de Varela Deliz para garantizar el debido proceso de ley.

No obstante, lo anterior, tanto en la *Vista Argumentativa,* como en su *Escrito en Solicitud de Remedio,* Varela Deliz expresó que advino en conocimiento de la determinación de la CEE cuando esta última presentó su *Moción en Cumplimiento de Orden de Mostrar Causa y Solicitando Desestimación […],* presentada el 2 de abril de 2024 en el caso de autos. Siendo así, el tercer requerimiento del presente recurso de *Mandamus* se cumplió, por lo que el caso se tornó académico. Es decir, la controversia sobre la falta de respuesta de la CEE a la *Moción de Reconsideración* presentada el 22 de febrero de 2024 perdió eficacia y se tornó en inexistente ante el paso del tiempo ya que ocurrieron cambios en los hechos. *Pueblo v. [Díaz, Rivera] supra,* pág. 481.

[…]

Es un hecho incontrovertido que la notificación de la *Certificación de Acuerdo* en el caso CP-PNP-24-005 respecto a la solicitud de reconsideración presentada en la C.E.E. por la parte aquí apelante no cumplió con las garantías mínimas del debido proceso de ley en cuanto a que carece de las debidas advertencias de ley, no se notificó a los abogados del aspirante Dr. Verela Deliz de los cuales en el ente administrativo constaban sus direcciones postales y electrónicas,[20] y el correo electrónico al cual le notificaron al aspirante estaba incorrecto, aunque hacemos la salvedad que fue el correo provisto por la parte apelante. Ante esta situación, existía un deber de la C.E.E., una vez advino en conocimiento de la notificación defectuosa, de corregir mediante notificación enmendada dicha inadvertencia.

---

[20] La Regla 67.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.2, dispone que siempre que una parte haya comparecido representada por abogado o abogada, la notificación será efectuada al abogado o abogada, a menos que el tribunal ordene que la notificación se efectúe a la parte misma. Véase, además, *Rodríguez Febo v. F.S.E.,* 116 DPR 31 (1984).

El TPI con conocimiento de esta situación determinó atender lo que hubiera sido la revisión administrativa como parte de la causa de acción de *mandamus*. Entendemos que las actuaciones del TPI en cuanto atender la controversia electoral que dimana de una determinación que no ha sido correctamente notificada fue *ultra vires* y se aparta de la naturaleza del recurso que tenía ante su consideración.

Por tanto, considerando el interés apremiante de la controversia electoral y del derecho al sufragio es indispensable que la C.E.E. notifique adecuadamente su determinación de *Certificación de Acuerdo* en el caso CP-PNP-24-005 en la cual se hagan las advertencias legales y se notifique a los representantes legales del Dr. Varela Delíz como a dicha parte. Esto para concederles las garantías mínimas de adecuada notificación a la parte apelante en su vertiente procesal por la C.E.E..

**IV.**

Por los fundamentos expuestos, se revoca la *Sentencia* apelada y se expide el *mandamus* solicitado a los efectos de que la C.E.E. proceda en el término de dos (2) días a notificar nuevamente la *Certificación de Acuerdo* del *Comité de Primarias del PNP* emitida el 8 de marzo de 2024 respecto a la *Moción de Reconsideración* del aspirante Dr. Varela Deliz, la cual deberá contener las debidas advertencias y ser notificada a la parte, así como a sus representantes legales.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones